**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TOBIAS A. SMITH,

    Defendant - Appellant.

No. 24-8016
(D.C. No. 2:23-CR-00138-SWS-1)
(D. Wyo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **EID**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

Pursuant to a plea agreement, Tobias A. Smith pleaded guilty to a drug offense

and was sentenced to 70 months in prison and five years of supervised release.  He

then filed this appeal.  His plea agreement contains an appeal waiver that the

government now moves to enforce.  *See United States v. Hahn*, 359 F.3d 1315, 1328

(10th Cir. 2004) (en banc) (per curiam).

In evaluating such a motion, we consider: "(1) whether the disputed appeal falls

within the scope of the waiver of appellate rights; (2) whether the defendant knowingly

and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

result in a miscarriage of justice." *Id.* at 1325. In response, Mr. Smith, through counsel, has not disputed any of these factors and further states that he does not oppose the government's motion.

Our independent review confirms the enforceability of the appeal waiver. Mr. Smith has identified no issues he wishes to raise on appeal that fall outside the scope of the waiver. The plea agreement clearly sets forth the appeal waiver and states that Mr. Smith agreed to the waiver knowingly and voluntarily, and the district court confirmed Mr. Smith's understanding of the plea agreement during the change-of-plea hearing. Moreover, we see no evidence contradicting Mr. Smith's knowing and voluntary acceptance of the appeal waiver. Finally, there is no indication that enforcing the waiver would result in a miscarriage of justice.

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court

Per Curiam

2